COLLOTON, Circuit Judge,
concurring in the judgment.
I agree that the district court’s decision denying Officer Pomeroy’s motion for summary judgment should be reversed, but I respectfully disagree with the court’s discussion of our jurisdiction over this appeal. Therefore, I concur only in the judgment.
Our marching orders for considering an appeal involving an assertion of qualified immunity come from the Supreme Court’s decision in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The Court instructed that the “initial inquiry” must be whether, “[tjaken in the light most favorable to the party asserting the injury, the facts alleged show the officer’s conduct violated a constitutional right.” Id. at 201, 121 S.Ct. 2151. “If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.” Id. However, “if a violation could be made out on a favorable view of the parties’ submissions, the next, sequential step is to ask whether the right was clearly established.” Id. The court today declines to undertake what the Supreme Court said “must be the initial inquiry” (and instead assumes that Pomer-oy’s use of force was unreasonable), because it says we lack jurisdiction to decide whether the facts taken in the light most favorable to Parks show that Pomeroy’s conduct was objectively unreasonable. Ante, at 955-56. I disagree.
To be sure, Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), established limits on jurisdiction over immediate appeals by government officials asserting a qualified immunity defense in a “constitutional tort” action. When a district court’s order determines only “which facts a party may, or may not, be able to prove at trial,” id. at 313, 115 S.Ct. 2151, there is no “final decision” within the meaning of 28 U.S.C. § 1291, and the order is not appealable. Thus, if Pomeroy had sought to appeal “whether the evidence could support a finding that particular conduct occurred,” Behrens v. Pelletier, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) — such as whether Mr. Parks placed his hand on the floor rather than on Officer Gottstein’s gun at the time of the shooting, or whether Pom-eroy shot Mr. Parks in the back of the shoulder rather than in the chest — then we would lack jurisdiction. See, e.g., Garvin v. Wheeler, 804 F.3d 628, 634 (7th Cir. 2002) (no appellate jurisdiction in police shooting case where issues regarding police officer’s credibility made it possible that jury could disbelieve officer’s testimony that suspect drew gun and credit plaintiffs version that suspect was neither armed nor resisting).
But Pomeroy did not appeal those fact-related determinations. His appeal as *959 sumes that all of the facts alleged by Parks are true, but asserts that the facts alleged do not show that the officer’s conduct violated a constitutional right. The constitutional right involved is the Fourth Amendment’s guarantee against unreasonable seizures, Graham v. Connor, 490 U.S. 386, 395-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and Pomeroy’s appeal asks us to determine whether the facts alleged, taken in the light most favorable to Parks, show that Pomeroy’s use of force was “objectively unreasonable.” Id. at 397, 109 S.Ct. 1865. This is precisely the sort of question that the Supreme Court in Saucier said “must be the initial inquiry” for a court of appeals, 533 U.S. at 201, 121 S.Ct. 2151, and I believe it presents an issue of law. Hill v. McKinley, 311 F.3d 899, 902 (8th Cir.2002); White v. Balderama, 153 F.3d 237, 241 (5th Cir.1998). It is the very question that we answered in McCoy v. City of Monticello, 342 F.3d 842, 848-49 (8th Cir.2003), and I conclude it is a matter that we have jurisdiction to decide. Accord Billington v. Smith, 292 F.3d 1177, 1183-85, 1191 (9th Cir.2002); see also Lockridge v. Board of Trustees, 315 F.3d 1005, 1009-12 (8th Cir.2003) (en banc) (employment discrimination); Anderson v. Cornejo, 355 F.3d 1021, 1023 (7th Cir.2004) (“[I]t is possible, consistent with Johnson, to cover the question whether the plaintiffs have a good legal theory as well as the immunity defense; but, as Johnson and Saucier hold, this must be done by taking the evidence and reasonable inferences in plaintiffs’ favor.”) (citation omitted).
For essentially the reasons discussed by the court in its immunity analysis, ante, at 957, I conclude that the evidence, taken in the light most favorable to Mr. Parks, does not establish that this tragic situation involved a violation of the Fourth Amendment. Even assuming that Pomeroy could see Parks’s left hand on the floor at the moment of the shooting, the undisputed facts remain that Pomeroy heard Officer Gottstein yell that he thought Parks was reaching for Gottstein’s gun earlier in the encounter, the gun remained within reach of Parks during the ongoing struggle with Gottstein, and Parks refused to acquiesce in commands that he cease what the court rightly describes as a “hostile and intense” struggle. Given these “extremely volatile and potentially deadly” circumstances, ante, at 957-58, the evidence taken in the light most favorable to Parks does not support a conclusion that Pomeroy’s use of force was objectively unreasonable. Accordingly, I concur in the judgment.